**2019 UT App 171**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
PATRICK BOBBY GALINDO JR.,
Appellant.

Opinion
No. 20180116-CA
Filed October 18, 2019

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 161901398

Cherise M. Bacalski and Emily Adams, Attorneys
for Appellant

Sean D. Reyes and Christopher D. Ballard, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES GREGORY K. ORME and DIANA HAGEN concurred.

POHLMAN, Judge:

¶1 Patrick Bobby Galindo Jr. appeals his conviction of attempted murder. Galindo argues that his trial counsel provided constitutionally ineffective assistance by stipulating to Galindo's competency to stand trial and by failing to talk to one of the psychologists evaluating that competency. He also seeks remand under rule 23B of the Utah Rules of Appellate Procedure for additional findings related to his trial counsel's failure to talk to the psychologist. We deny his motion to remand and affirm.

## BACKGROUND

¶2    After Galindo shot a man four times, the State charged him with attempted murder and possession of a firearm by a restricted person.[1] Before trial, Galindo's trial counsel petitioned the district court to evaluate Galindo's mental competency, requesting that the court order two experts to examine Galindo. In support of the petition, trial counsel stated, "In conversing with Mr. Galindo, in the past several court hearings, Mr. Galindo does not appear to be able to comprehend what is going on. Or make rational decisions regarding this case." The court granted the petition.

¶3    The court appointed two psychologists—Dr. Hawks and Dr. Wilkinson—to examine Galindo. Both ultimately concluded that Galindo was competent to stand trial. Dr. Hawks reported that he was not able to speak with Galindo's trial counsel as part of his evaluation.

¶4    After receiving the two psychologists' reports, the court held a competency hearing. Galindo's trial counsel stipulated to Galindo's competency in the following exchange:

> The Court: . . . I have two reports, one from Dr. Wilkinson and one from Dr. Hawks. I believe both of those indicate that Mr. Galindo was competent to proceed; is that how you read that?
>
> [Trial counsel]: That's the way I read it as well. I didn't personally talk to . . . Dr. Hawks . . . and confirm that as well.
>
> The Court: Okay.

---

1. The State also charged Galindo with felony discharge of a firearm, but it later dropped that charge.

> [Trial counsel]: So given that, I think we're willing to stipulate to competen[cy] based on those two reports.
>
> The Court: Okay.
>
> [Trial counsel]: And we'd like to set a preliminary hearing on the matter.
>
> The Court: All right. And [does] the State have any objection to that finding?
>
> [The prosecutor]: No, your Honor, thank you.
>
> The Court: All right. Based on the two reports and stipulation of counsel the Court will enter a finding then that Mr. Galindo is competent to proceed . . . .

Accordingly, the district court deemed Galindo competent to stand trial.

¶5 The court thereafter bifurcated trial, with the attempted murder charge proceeding to a jury trial. The jury found Galindo guilty of attempted murder. Galindo then pleaded guilty to possession of a dangerous weapon by a restricted person. Galindo now appeals his attempted murder conviction.[2]

ISSUES AND STANDARD OF REVIEW

¶6 On appeal, Galindo raises two claims of ineffective assistance of counsel. First, he contends that "trial counsel

_____

2. Although Galindo purports to challenge both convictions in his opening brief, he concedes in his reply brief "that he may only contest his conviction as to attempted murder." We therefore consider his claims as solely pertaining to the attempted murder conviction.

provided ineffective assistance when he stipulated to Mr. Galindo's competency." Second, Galindo contends that "trial counsel provided ineffective assistance when he failed to talk to one of the court-appointed psychologists to discuss Mr. Galindo's ability to counsel with [trial counsel] and to participate at trial." "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Lopez*, 2019 UT App 11, ¶ 22, 438 P.3d 950 (cleaned up).

¶7    In connection with his second ineffective assistance claim, Galindo requests a remand to supplement the record with additional findings of fact pursuant to rule 23B of the Utah Rules of Appellate Procedure. Rule 23B allows this court to remand a criminal case "to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel." Utah R. App. P. 23B(a). "The motion must include or be accompanied by affidavits alleging facts not fully appearing in the record on appeal that show the claimed deficient performance of the attorney." *Id.* R. 23B(b). "The affidavits must also allege facts that show the claimed prejudice suffered by the appellant as a result of the claimed deficient performance." *Id.*

ANALYSIS

¶8    To prove a claim of ineffective assistance of counsel, a defendant must establish both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first element, the defendant must show that his counsel's performance "fell below an objective standard of reasonable professional judgment." *State v. Bond*, 2015 UT 88, ¶ 59, 361 P.3d 104 (cleaned up). Thus, he "must convince us that, despite the fact that 'counsel is strongly presumed to have rendered adequate assistance,' counsel's acts or omissions

nevertheless fell 'outside the wide range of professionally competent assistance.'" *State v. Nelson*, 2015 UT 62, ¶ 14, 355 P.3d 1031 (quoting *Strickland*, 466 U.S. at 690). To satisfy the second element, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bond*, 2015 UT 88, ¶ 59 (cleaned up). "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding." *Nelson*, 2015 UT 62, ¶ 28 (cleaned up). Rather, "the likelihood of a different result must be substantial and sufficient to undermine confidence in the outcome." *Id.* (cleaned up). "Both elements must be present, and if either is lacking, the claim fails and the court need not address the other." *Id.* ¶ 12.

¶9    Galindo raises two claims of ineffective assistance of counsel. We conclude that Galindo's first claim fails because his counsel did not perform deficiently and that his second claim fails due to lack of prejudice.

¶10    First, Galindo contends that his trial counsel rendered ineffective assistance by stipulating to Galindo's competency. In support, he asserts that it was "not tactical or objectively reasonable" for his trial counsel to "send[] a cognitively impaired client to stand trial." In so arguing, Galindo relies on the evidence of his low IQ and on Dr. Wilkinson's report that stated "in no uncertain terms . . . that [Galindo] was 'not able to consult with his attorney and participate in the proceeding against him with a reasonable degree of rational understanding.'"[3]

---

3. In his reply brief, Galindo relies on trial counsel's affidavit as additional evidence of Galindo's "inability to consult with trial counsel and to participate in the proceedings against him with a reasonable degree of understanding." But this affidavit is not part of the record on appeal. Galindo attached it to his rule 23B

(continued…)

¶11 Under Utah law, "[a]n individual who is incompetent to proceed may not be tried for a public offense." Utah Code Ann. § 77-15-1 (LexisNexis Supp. 2019). At the relevant time, the Utah Code provided that a person is "incompetent to proceed" if he has a mental disorder or intellectual disability that results in either

> (1) his inability to have a rational and factual understanding of the proceedings against him or of the punishment specified for the offense charged; or

> (2) his inability to consult with his counsel and to participate in the proceedings against him with a reasonable degree of rational understanding.

*Id.* § 77-15-2 (2012). The statute does not suggest that a low IQ is sufficient to establish that a defendant is "incompetent to proceed." *See id.*; *see also United States v. Bell*, 280 F. App'x 548, 550 (7th Cir. 2008) ("[A] low IQ score alone is not enough to show that a defendant is incompetent."). Rather, a person's mental disorder or intellectual disability must result in the inability to "have a rational and factual understanding of the proceedings against him or of the punishment specified for the offense charged" or the inability to "consult with his counsel and to participate in the proceedings against him with a reasonable degree of rational understanding." Utah Code Ann. § 77-15-2(1)–(2). Thus, Galindo could not be deemed incompetent based solely on his low IQ.

---

(…continued)

motion to supplement the record, and that motion is limited to his second ineffective assistance claim. We therefore do not consider it in reaching our decision on his first ineffective assistance claim.

¶12    Galindo also believes that Dr. Wilkinson's report concluded that Galindo "was '*not* able to consult with his attorney and participate in the proceeding against him with a reasonable degree of rational understanding.'" (Emphasis added.) But we agree with the State that the insertion of the word "not" in that sentence of the report is "most reasonably read as a typographical error" in light of its context and the report as a whole. Elsewhere in the report, for example, Dr. Wilkinson unambiguously states her opinion that Galindo is competent both to understand the proceedings and to assist his attorney in the presentation of his defense. As a result, Dr. Wilkinson's report does not lend support to Galindo's underlying assertion that he was incompetent.

¶13    Thus, at the competency hearing, the evidence was that two court-appointed psychologists concluded that, despite his low IQ, Galindo was competent to stand trial. Indeed, the district court began the hearing by stating that it read "both of [the psychologists' reports as] indicat[ing] that Mr. Galindo was competent to proceed." Because Galindo's low IQ, without more, could not establish his lack of competency, and because both psychologists found Galindo competent, we conclude that trial counsel exercised reasonable professional judgment when he stipulated to Galindo's competency. *See Jacobs v. State*, 2001 UT 17, ¶ 23, 20 P.3d 382 (explaining that "it was a reasonable exercise of professional judgment for [the defendant's] counsel to rely on the experts' unanimous conclusion that" the defendant was not incompetent to stand trial). Galindo therefore has not shown that trial counsel's decision to stipulate to competency "fell outside the wide range of professionally competent assistance," and we reject his first claim of ineffective assistance. *See Nelson*, 2015 UT 62, ¶ 14 (cleaned up).

¶14    Next, Galindo contends that his trial counsel was ineffective when he failed to discuss his observations about Galindo with one of the court-appointed psychologists, Dr. Hawks, while Dr. Hawks was evaluating Galindo. He also seeks a rule 23B remand to supplement the record with facts in

support of this claim. The State responds that Galindo cannot prove this claim without a rule 23B remand, and Galindo acknowledges in his reply brief that the State is correct in this regard.

¶15    Rule 23B presents a "high bar" for Galindo because "'[t]he motion shall be available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective.'" *See State v. Griffin*, 2015 UT 18, ¶ 17, 441 P.3d 1166 (quoting Utah R. App. P. 23B(a)). To support his contention, Galindo "must submit affidavits that demonstrate both the deficient performance by counsel and the resulting prejudice" to him. *See id.* If Galindo cannot "meet the test for ineffective assistance of counsel, even if his new factual allegations were true, there is no reason to remand the case, and we should deny the motion." *See id.* ¶ 20.

¶16    In support of his rule 23B motion, Galindo has submitted an affidavit from trial counsel himself. In it, trial counsel avers that Galindo was "unable to assist with preparation for trial" and could not "adequately . . . testify at trial." He also avers that Galindo "did not understand the gravity of the offenses, and did not comprehend at all that there was a real possibility of losing the trial." Based on these and other averments, Galindo asserts that had trial counsel spoken with Dr. Hawks, "not only would the doctor's assessment of Mr. Galindo's competency likely have changed, but on its own accord the court's assessment would also likely have changed."

¶17    We conclude that the allegations of fact in support of Galindo's rule 23B motion do not show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Bond*, 2015 UT 88, ¶ 59 (cleaned up). Trial counsel's affidavit expresses generalized concerns about Galindo's awareness of his situation and his mental abilities, including his capacity to answer questions appropriately. But Galindo has not shown that trial counsel's observations would have revealed something new

to Dr. Hawks about Galindo or that Dr. Hawks did not adequately test and analyze Galindo's abilities and understanding. He therefore has not demonstrated a reasonable likelihood that had trial counsel shared his concerns with Dr. Hawks, it would have altered Dr. Hawks's overall assessment of Galindo or the district court's subsequent determination of Galindo's competency. *See id.* We therefore deny his rule 23B motion, *see Griffin*, 2015 UT 18, ¶ 20, and thus Galindo's second claim of ineffective assistance necessarily fails.[4]

## CONCLUSION

¶18 Galindo has not shown that his trial counsel's performance fell below an objective standard of reasonableness when he stipulated to Galindo's competency to stand trial. Galindo also has not alleged facts that could support a determination that trial counsel was constitutionally ineffective when he did not discuss his observations of Galindo with a court-appointed psychologist, and we deny his related motion for a rule 23B remand. Accordingly, we affirm.

---

4. Lastly, Galindo asks this court to reverse under the cumulative error doctrine, asserting that "[t]rial counsel's double-whammy of (1) stipulating to competency and (2) utterly failing to talk to Dr. Hawks left Mr. Galindo—for all intents and purposes—without an advocate" and that "[t]hese two issues should cumulate to obliterate this court's confidence in the outcome of Mr. Galindo's competency hearing." There are no errors to accumulate here, rendering the cumulative error doctrine inapplicable in this case. *See State v. Beverly*, 2018 UT 60, ¶ 80, 435 P.3d 160.