**2025 UT App 129**

# THE UTAH COURT OF APPEALS

PRICE CITY,[1]
Appellee,
*v.*
JESSICA LYNN BUCK,
Appellant.

Opinion
No. 20230749-CA
Filed August 28, 2025

Seventh District Court, Price Department
The Honorable Jeremiah Humes
No. 221700145

K. Andrew Fitzgerald, Attorney for Appellant

Christian B. Bryner and Dominique Kiahtipes,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES RYAN D. TENNEY and AMY J. OLIVER concurred.

---

1. The information commencing this case described the charged crime as retail theft, a "Class A Misdemeanor, in violation of Section 76-6-602, Utah Code." Thus, prosecution of the offense, handled by the Carbon County Attorney, should apparently have been in the name of the State of Utah, rather than in the name of Price City. *See* Utah Code Ann. § 77-1-5 (LexisNexis 2017) ("A criminal action for any violation of a state statute shall be prosecuted in the name of the state of Utah."). We employ the caption consistently used by the trial court and the parties in this case and note that the practice of listing a municipality as the prosecuting entity in misdemeanor cases is rather common, albeit seemingly at odds with the mandate of section 77-1-5.

ORME, Judge:

¶1   Jessica Lynn Buck appeals her conviction for retail theft. She argues that her trial counsel (Counsel) provided ineffective assistance in forgoing a hearing to evaluate her competency to be sentenced. Buck also argues that after she was deemed competent to proceed to sentencing by an evaluator, the trial court plainly erred by not sua sponte overturning her conviction and ordering a new trial in which her competence could be evaluated in the first instance. We disagree with both of Buck's claims and affirm.

BACKGROUND

¶2   Buck was found guilty of retail theft after "skip-scanning" two cartloads of groceries. After trial but before sentencing, Counsel petitioned for an inquiry into Buck's competence to proceed, requesting an evaluation of her "mental health and capacity . . . to rationally understand the proceedings against her and to reasonably assist in her own defense." The prosecutor stipulated to the petition, and the trial court ordered Buck to be evaluated, directing Counsel to provide the evaluator "information and materials relevant to a determination of [Buck's] competency, including the charging document, arrest or incident reports pertaining to the charged offense, known criminal history information, and known prior mental health evaluations and treatments."

¶3   In her report, the competency evaluator indicated that she had spoken to Counsel about his concerns with Buck's insistence "that she is innocent and [Buck's] claims that the person shown in the video surveillance footage [of the theft] is not her." The evaluator further noted that Buck "endorsed beliefs about her case that are inconsistent with the information provided by" Counsel and that throughout the interview, she "continued to hold inaccurate beliefs about the justice system." But the evaluator nonetheless concluded that Buck "demonstrated a

rational and factual understanding of the charges, allegations, range of possible penalties, and adversarial nature of the court proceedings." The evaluator concluded that Buck "was able to understand, integrate, and communicate relevant legal information"; was "able to identify and discuss risks and benefits of various legal options"; and appeared "able to consult with her attorney, assist in her defense, and testify." Thus, the evaluator opined that Buck was "competent to proceed."

¶4 At Buck's sentencing hearing, the court reviewed the competency evaluator's report and asked whether either party wished "to present any additional evidence" at "a hearing on that report." When both the prosecutor and Counsel indicated they did not, the court concluded that Buck was competent to proceed and sentenced her to a suspended jail term and probation.

ISSUES AND STANDARDS OF REVIEW

¶5 On appeal, Buck argues that Counsel provided ineffective assistance in "waiving" a competency hearing at which the competency evaluator could be subpoenaed to testify. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Galindo*, 2019 UT App 171, ¶ 6, 452 P.3d 519 (quotation simplified), *cert. denied*, 462 P.3d 803 (Utah 2020).

¶6 Buck also argues that the trial court erred in not ordering, sua sponte, a new trial in which her competency to stand trial could be assessed in the first instance. "On direct appeal, claims that the trial court failed to sua sponte evaluate a defendant's competency are reviewed for plain error." *State v. Anderson*, 2024 UT App 65, ¶ 15, 549 P.3d 101, *cert. denied*, 554 P.3d 1098 (Utah 2024). "Plain error is a question of law reviewed for correctness."

*State v. Deprey*, 2024 UT App 190, ¶ 18, 562 P.3d 1246 (quotation simplified), *cert. denied*, 564 P.3d 961 (Utah 2025).


ANALYSIS

I. Ineffective Assistance of Counsel

¶7    Buck argues that Counsel provided ineffective assistance in "waiving" a competency hearing prior to sentencing. To demonstrate ineffective assistance, Buck must show "(1) that Counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and "(2) that the deficient performance prejudiced the defense," or, in other words, that there is "a reasonable probability that the case would have had a different outcome absent Counsel's deficient performance." *State v. Anderson*, 2024 UT App 65, ¶ 24, 549 P.3d 101 (quotation simplified), *cert. denied*, 554 P.3d 1098 (Utah 2024). Because failure to establish either prong is fatal to a claim of ineffective assistance, we are free to resolve the claim under either prong. *See id.*

¶8    "It is well established that due process requires that a defendant be mentally competent to stand trial." *Id.* ¶ 19 (quotation simplified). A defendant is incompetent where she is "either (1) unable to have a rational and factual understanding of the proceedings . . . or of the punishment specified for the offense charged or (2) unable to consult with . . . counsel and to participate in the proceedings . . . with a reasonable degree of rational understanding." *Id.* (quotation simplified).

¶9    A defense attorney with a bona fide doubt as to a defendant's competence may file a competency petition, as Counsel did here. "But we have previously acknowledged that counsel does not perform deficiently by failing to file a competency petition if counsel had no basis to suspect the defendant was incompetent." *Id.* ¶ 33 (quotation simplified). *Cf. United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016)

("Counsel's failure to request the trial court to order a hearing or evaluation on the issue of the defendant's competency might render counsel's performance objectively unreasonable, provided there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency.") (quotation simplified). That logic applies here too.

¶10 Counsel filed a post-trial competency petition based on Buck's insistence "that she is innocent and [Buck's] claims that the person shown in the video surveillance footage is not her." But "even the fact that a person is mentally ill, displays bizarre, volatile, and irrational behavior, or has a history of mental illness, does not mean that he or she is incompetent to stand trial," provided the person has "a rational and factual understanding of the proceedings . . . or of the punishment specified for the offense charged," and has the ability to consult with counsel and "to participate in the proceedings . . . with a reasonable degree of rational understanding." *State v. Biebinger*, 2018 UT App 123, ¶ 18, 428 P.3d 36 (quotation simplified). And despite being aware of Counsel's concerns and despite her own observations of Buck's inconsistent and inaccurate beliefs, the competency evaluator determined that Buck was competent to proceed to sentencing.

¶11 It was reasonable for Counsel to rely on the evaluator's report. *See Jacobs v. State*, 2001 UT 17, ¶ 23, 20 P.3d 382 (holding "that it was a reasonable exercise of professional judgment for . . . counsel to rely on the experts' unanimous conclusion that [the defendant's] behavior did not make him incompetent to stand trial" and thus "it was reasonable for defense counsel to forego the competency hearing"). *See also State v. Galindo*, 2019 UT App 171, ¶ 13, 452 P.3d 519 (concluding that because two psychologists found the defendant competent, defense counsel "exercised reasonable professional judgment" in stipulating to the defendant's competence), *cert. denied*, 462 P.3d 803 (Utah 2020). And because the report addressed his concerns but still found Buck competent, it was reasonable for Counsel not to request a

hearing at which he would provide evidence that would likely be merely cumulative of the report.

¶12 Buck also faults Counsel for failing to request a competency hearing because, at the hearing, he could have cross-examined the competency evaluator about her report. But Buck does not specify what Counsel should have asked the evaluator during cross-examination. Indeed, the evaluator's report was thorough and specifically addressed Counsel's articulated concerns.

¶13 In sum, Counsel was "in the best position to determine whether" Buck's competence was "suspect." *State v. Wolf*, 2014 UT App 18, ¶ 31, 319 P.3d 757 (quotation simplified). Without any other evidence to offer at a competency hearing beyond what was already addressed in the evaluator's report or a specific basis on which he could have cross-examined the evaluator at such a hearing—and no such basis is articulated on appeal—Counsel did not perform deficiently in not requesting a hearing. Buck's ineffective assistance claim thus fails.

## II. Plain Error

¶14 Buck also argues that the concerns Counsel raised in the pre-sentencing competency petition cast doubt on her competence at trial such that the court should have sua sponte ordered a new trial to evaluate her competence in the first instance. "To demonstrate plain error, a defendant must establish that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome." *State v. Anderson*, 2024 UT App 65, ¶ 15, 549 P.3d 101 (quotation simplified), *cert. denied*, 554 P.3d 1098 (Utah 2024). Here, there was no obvious error.

¶15 "Competency is assessed contemporaneously, at a present moment in time, and previous mental health issues are not

necessarily indicative of present incompetency." *State v. Biebinger*, 2018 UT App 123, ¶ 21, 428 P.3d 36. It stands to reason that the reverse is also true: present incompetence is not necessarily indicative of past incompetence. Indeed, "our supreme court—as well as the United States Supreme Court—has ruled that a defendant's competency cannot be retrospectively determined." *State v. Wolf*, 2014 UT App 18, ¶ 34, 319 P.3d 757. *See id.* ("No matter how well-intentioned the effort, we fail to see how the trial court could, on the basis of the record before it, adequately determine whether the defendant was competent three years earlier.") (quotation simplified).

¶16 Moreover, even if present incompetence could be used to demonstrate past incompetence, the competency evaluator here concluded that Buck had, as of the time of the evaluation, a "rational and factual understanding of the charges, allegations, range of possible penalties, and adversarial nature of the court proceedings"; "was able to understand, integrate, and communicate relevant legal information"; and appeared "able to consult with her attorney, assist in her defense, and testify"—in short, that she was competent. Buck does not point to any evidence to the contrary. Accordingly, the court did not err, let alone obviously so, in not vacating Buck's conviction and ordering a new trial to evaluate her competence.

CONCLUSION

¶17 Counsel did not provide ineffective assistance by not requesting a competency hearing. Nor did the trial court plainly err in not sua sponte ordering a new trial. We thus affirm Buck's conviction.

———————